WILLIAM L. BYER, PLAINTIFF, v. V. CLADD & SONS, DEFENDANT.

Decided March 16, 1932.

For the rule, *Cole & Cole*.

*Contra, Thompson & Hanstein*.

SOOY, C. C. J. This is defendant's rule to show cause why a verdict in favor of plaintiff should not be set aside.

Plaintiff says that he was driving his automobile toward Camden on the White Horse pike at a rate of thirty to thirty-five miles per hour; that he was following a truck which was exhibiting a red rear light; that as he followed this truck there suddenly loomed up ahead of him an object with which he collided—a truck. This truck was admittedly parked on the side of the road, the left wheels from one and a half to two feet on the paved surface of the road, the two right wheels on the gravel or dirt shoulder. Plaintiff says he first saw this object (truck) when he was sixty, seventy or eight feet from it. There was no traffic coming in the opposite direction from that in which plaintiff was proceeding. There was ample room for plaintiff to pass to the left of the parked truck.

Plaintiff hit the left rear of the truck with force sufficient to demolish his Buick coupe—practically cutting it in halves. Plaintiff says he saw no rear red light on the truck.

I think that the fair inference from all the testimony is that the parked truck was the same vehicle which plaintiff had been following and that there was no other truck ahead

of him and that the light plaintiff saw was the light of the parked truck which he had been following and which had admittedly stopped at the point of collision. However this may be, I am convinced that a verdict in favor of plaintiff is contrary to the evidence and so clearly so as to manifest either prejudice, passion or mistake on the part of the jury.

There were two grounds of negligence alleged in the complaint.

1. Failing to park in accordance with Traffic act.

2. Failure to have a lighted rear light in accordance with the Motor Vehicle act.

The truck driver and two helpers on the truck testified that the rear light was lit before and after the collision. A driver of a motor bus who came up very shortly after the collision was attracted to the scene by seeing the burning rear light ahead of him. A garageman who came up a little later saw the light lit and a trooper who came up still later found it lit. All of this positive testimony against plaintiff's more or less negative statement that he did not see the light.

It is argued by plaintiff that, even if the jury was justified in finding that the tail light was lit, that it was, nevertheless, also justified in finding that the light was an antiquated affair and was not properly placed so as to render the numerals thereon visible for "at least fifty feet," &c., as provided by the statute. The difficulty with this argument is that the allegations of the complaint were not broad enough to justify the court in submitting the case to the jury on this theory of negligence and it was not so submitted, and if the jury based its findings on any such theory the verdict must be set aside.

With reference to the question as to whether the truck was parked "off the traveled portion of the highway as far as practicable." It may be that minds of reasonable men would differ on this point and, therefore, the court would not be justified in permitting its view of the evidence to control. However this may be, it would seem to me to be quite apparent that plaintiff was guilty of contributory negligence. As has been said, the only evidence that the rear light was not lit was the testimony of plaintiff, mostly negative, and the

greater weight of the evidence was that it was lit. Plaintiff had his head lights burning and saw the truck, he says not until he was sixty, seventy or eighty feet away from it and then collided with terrific force, swerved a little left practically at the moment of impact. He says he was driving at thirty to thirty-five miles an hour. If that was his speed (the evidence justifies a finding of a much faster rate) plaintiff certainly never varied it in the space of time allotted to him and seems to have done nothing except to make a belated turn to his left. The trooper testified that plaintiff, after the collision, said that he was "drowsy." This may be an explanation of the happening but not an excuse therefor.

Taking the whole case, it seems quite apparent to me that the jury was swayed by sympathy for the plaintiff rather than by the evidence and that a new trial should be granted. Such will be the order.